UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

LYNN A. CORNETT,

                              Plaintiff,

                                                      DECISION AND ORDER
        v.                                                  05-CV-515A

CAPITAL MANAGEMENT SERVICES, INC.,

                              Defendant.

───────────────────────────────

## INTRODUCTION

        Plaintiff Lynn A. Cornett commenced this action against defendant Capital Management Services, Inc., on July 25, 2005, seeking redress for alleged violations of the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff filed a Notice of Acceptance of Offer of Judgment on October 28, 2005. The Court entered judgment in favor of plaintiff on November 4, 2005.

        Currently before the Court is plaintiff's motion for attorney's fees, which was filed on November 14, 2005. For the following reasons, plaintiff's motion is granted and the Clerk of the Court is directed to enter judgment in plaintiff's favor in the amount of $4,310.

## DISCUSSION

        "A consumer who brings a successful FDCPA lawsuit can recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1991) (quoting 15

U.S.C. § 1692k(a)(3)).  It is undisputed that Plaintiff, as the successful party in this litigation, is entitled to an award of attorney's fees and costs.  Defendant contests the reasonableness of the fees requested and the amount of time spent on the case.

Courts typically use the lodestar method to determine reasonable attorney's fees.  The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citation omitted).  "[T]here is . . . a strong presumption that the lodestar figure represents a reasonable fee." Goins v. JBC & Assocs., P.C., No. 3:03 CV 636, 2006 WL 540332, at *1 (D. Conn. Mar. 6, 2006) (quoting A.R. ex rel. R.V. v. New York City of Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005)).  Where the Court "augments or reduces the lodestar figure[,] it must state its reasons for doing so as specifically as possible." DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (quotations and citations omitted).

A reasonable hourly rate is the "prevailing market rate," *i.e.*, the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); see also Cohen v. W. Haven Bd. of Police Comm'rs, 638 F.2d 496, 506 (2d Cir.1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award.").  The relevant community, in turn, is the district in which the court sits. Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir.1983).

Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the

2

fee applicant's counsel.  Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2nd Cir. 2005).  This inquiry may include judicial notice of the rates awarded in prior cases,  the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties.  Id. (citations omitted).  The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate.  Blum, 465 U.S. at 896 n. 11.

Here, plaintiff seeks a total judgment for fees and costs in the amount of $6,768.[1]  This amount represents 22.1 hours of non-duplicative attorney time billed at the hourly rate of $260, 4.9 hours of duplicative attorney time billed at the hourly rate of $130, 3.0 hours of paralegal time billed at $85 per hour, and $310 in costs.  (Hiller Reply Affirm., ¶¶ 3-4).

Defendant argues that the claimed expenditure of time and the proposed attorney billing rate are excessive.  Defendant further contends that any work done by plaintiff after October 14, 2005, the date of the Offer of Judgment, should not be allowed.

The Court has carefully reviewed plaintiff's motion and defendant's opposition, and has considered the evidence proffered by the parties and the arguments of counsel, and finds that the time billed by plaintiff's counsel should be reduced in the following manner.   First, the Court shall reduce counsel's claim of a total of 1.3 hours instructing his paralegal on filing procedures and other administrative tasks to a more reasonable .5 hours, resulting in a deduction of .8 hours.

Second, since the complaint in this case is a form complaint used in many

---

[1] The Court notes that plaintiff's counsel's original fee request contains an arithmetical error.  His original request sought fees for 20 hours work at a rate of $260 per hour.  This results in $5,200 in attorney's fees, not $5,070 as stated by plaintiff's counsel.

FDCPA actions brought by counsel, the Court shall reduce the claim of 1.5 hours for preparation of the complaint to .5 hours, which results in a further reduction of 1.0 hour.

Third, plaintiff's counsel claims to have spent 2.0 hours of attorney time on legal research regarding the validity of an offer of judgment not signed by the attorney of record.  This seems excessive and the Court finds that a reduction of 1.0 hours is appropriate (this reduction shall be applied to the total duplicative hours).

Fourth, plaintiff's counsel claims 1.0 hour of anticipated future work. (Hiller Affirm., ¶ 13).  He has failed, however, to sufficiently show the necessity and extent of such future work.  Accordingly, the Court shall not award fees for this time. See St. Hilaire v. Industrial Roofing Co., 346 F. Supp. 2d 212, 215 (D.Me. 2004).

Fifth, plaintiff's counsel claims 7.0 hours of attorney time preparing his Reply Memorandum.  This appears excessive and the Court finds that a 2.0 hour reduction is appropriate.

In all other respects, the Court finds plaintiff's claim of attorney time to be reasonable.  A total reduction of 4.8 hours non-duplicative attorney hours and 1.0 hour duplicative attorney hours shall be applied, resulting in a total expenditure of 17.3 non-duplicate attorney hours and 3.9 duplicative attorney hours.

Turning to the claimed hourly billing rates, the Court finds that both the $260 attorney rate and the $85 paralegal rate are excessive.  The Court finds that an attorney billing rate of $200 per hour is a more reasonable rate for this market.  Another Judge in this District has previously found such a rate to be a reasonable rate for plaintiff's counsel's services.  See McCarty v. Capital Mgmt. Servs., Inc., 05-CV-505S, Docket No. 20 (W.D.N.Y. Jul. 17, 2006); Zilgme v. NCB Mgmt. Serv., Inc., 05-CV-749S, Docket No. 12 (W.D.N.Y. May 15, 2006);  Bartosik v. Credit Bureau of Rochester, Inc.,

4

05-CV-318S, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).  Arguably, this rate is too generous because it is equal to the rates assessed in FDCPA cases involving experienced attorneys in New York City.  See Dowling v. Kucker Kraus & Bruh, LLP, 99 CIV 11958, 2005 WL 1337442, at *8 (S.D.N.Y. June 6, 2005) (holding $200 to be a reasonable hourly rate in FDCPA cases for experienced attorneys in Manhattan); see also Kapoor, 269 F. Supp. 2d at 415 (collecting cases).  It nonetheless represents a substantial reduction from the requested attorney rate and is commensurate with plaintiff's counsel's extensive experience in FDCPA matters.

Plaintiff requested a rate of $130 per hour for duplicative attorney services.  This rate is half of what plaintiff originally requested for non-duplicative attorney time.  Accordingly, the Court shall apply a billing rate of $100 per hour for time spent on duplicative matters.  Furthermore, the Court finds that a paralegal rate of $50 per hour is reasonable.  See McCarty v. Capital Mgmt. Servs., Inc., 05-CV-505S, Docket No. 20 (W.D.N.Y. Jul. 17, 2006); Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).

Plaintiff's claim for $310 in costs, which represents the $250 filing fee and a $60 service fee, is reasonable.

Based on the foregoing, the Court finds that plaintiff is entitled to recovery for 17.3 non-duplicate attorney hours billed at $200 per hour, 3.9 duplicate attorney hours billed at $100 per hour, 3.0 hours of paralegal time billed at $50 per hour, and $310 in costs, for a total of $4,310.

**<u>CONCLUSION</u>**

For the reasons stated, the Court hereby orders the Clerk of the Court to enter judgment in plaintiff's favor against defendant in the amount of $4,310.

IT IS SO ORDERED.

            /s/ Richard J. Arcara
            HONORABLE RICHARD J. ARCARA
            CHIEF JUDGE
            UNITED STATES DISTRICT COURT

DATED: August 8 , 2006